IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LITTLE CAESAR ENTERPRISES, INC., a Michigan Corporation, and BRAVO FOOD SERVICE, LLC an Alabama Limited Liability Company, | Civil Action No. _____ |
| **Plaintiffs** | |
| v. | |
| READY TO GO PIZZA, INC., a Georgia Corporation, and STEVEN WARD, a Georgia resident, | |
| **Defendants** | |

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs Little Caesar Enterprises, Inc. ("LCE") and Bravo Food Service, LLC ("Bravo") (collectively "Plaintiffs") hereby file this Verified Complaint for Injunctive Relief and Damages against Defendants Ready To Go Pizza, Inc. ("RTGP") and Steven Ward ("Ward"), and state as follows:

## NATURE OF THE ACTION

1.     Plaintiffs bring this action to prevent Defendants from making unauthorized and unlawful use of LCE's proprietary information and trade secrets that Defendants have misappropriated and are using in connection with the development of a competing low-cost pizza restaurant.

2.     Defendant Ward is a former managerial employee of Bravo, which is a franchisee of LCE that operates several Little Caesars® restaurants in the Atlanta area.  In Ward's capacity as a manager, Bravo entrusted Ward with LCE's valuable trade secrets and confidential information solely in order for Ward to perform his employment duties in managing Bravo's Little Caesars® restaurants.  Accordingly, Ward gained knowledge of these trade secrets and confidential information as a trusted Bravo employee. Recently, Bravo terminated Ward's employment, when it learned that he was in the process of opening a competing pizza restaurant.  Prior to the termination of his employment, Ward misappropriated an as yet unknown volume of LCE's confidential information and trade secrets that are part of LCE's proprietary system for developing and operating profitable, low-cost pizza restaurants.  Ward accomplished this misappropriation by various means, including by saving certain LCE proprietary information onto a company computer and a company iPad that he has failed to return.   Ward has and is continuing to improperly use these LCE trade secrets and confidential information to develop and eventually operate, through Defendant RTGP, a competing low-cost pizza restaurant known as "Ready To Go Pizza", which announced plans to open on May 23, 2014, in Decatur, Georgia.

3.     The   web   site   for   Defendants'   restaurant,   located   at
www.greatpizzafast.com, indicates that Defendants intend to serve pizza and food
products that are similar to those sold by Plaintiffs and are using photographs of
food offerings that are the same as or substantially similar to those of Plaintiffs.

4.     Accordingly, LCE and Bravo file this Verified Complaint for:  (1)
misappropriation of trade secrets, in violation of O.C.G.A. §10-1-760 *et. seq.*
(Count I) and (2) conversion (Count II), for which Plaintiffs are entitled to
preliminary and permanent injunctive relief, as well as damages and other
monetary relief.

## **PARTIES**

5.     Plaintiff LCE is a corporation organized and existing under the laws
of the State of Michigan with its principal place of business in Detroit, Michigan.

6.     LCE is a national franchisor of pizza restaurants operating under the
well-known Little Caesars® brand.  LCE opened its first restaurant in 1959 and
began franchising its concept in 1962.  Today, LCE has franchised and company-
owned locations that together operate in all fifty states, Puerto Rico and Guam.

7.     Plaintiff Bravo is an Alabama limited liability company, with its
principal place of business in Birmingham, Alabama.  Bravo is a multi-unit
franchisee of Little Caesars® restaurants and operates numerous Little Caesars®

3

restaurants pursuant to franchise agreements with LCE, including a number that are located in the Atlanta area.

8.    Defendant Ready To Go Pizza, Inc. ("RTGP") is a corporation organized and existing under the laws of the State of Georgia.  RTGP was formed in January 2014, and may be served with process by serving its registered agent, Adam Kotter, at 1419 St. Michaels Ct., Lilburn, Georgia.

9.    Defendant Steven Ward ("Ward") is a resident of Georgia, who is upon information and belief a shareholder and officer of RTGP.

10.   From November 2008 through March 2014, Ward was a managerial employee of Bravo who supervised a number of Bravo's Little Caesars® restaurants.

## JURISDICTION AND VENUE

11.   This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the plaintiffs and defendants are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12.   Venue is proper under 28 U.S.C. § 1391, because upon information and belief, Defendants both reside in this judicial district, and because a substantial part of the events giving rise to the claims has occurred and continues to occur in this judicial district.

13.     This court has personal jurisdiction over RTGP by virtue of its incorporation and principal place of business in Georgia, and over Ward by virtue of his being a Georgia resident and citizen.

## FACTUAL BACKGROUND

A.     **LCE'S Business and Trade Secrets.**

14.     LCE, through significant expenditure of time and funds over many years, has developed and implemented a valuable and unique pizza restaurant format and operating system (collectively referred to as the "Little Caesars® System" or the "System"), identified by its registered service mark LITTLE CAESARS®, for establishing, developing, operating, promoting and advertising a low-cost yet profitable carryout pizza restaurant based on an advanced system of food preparation, service and sale. The Little Caesars® System includes uniform standards, specifications and procedures of operation, and of quality and uniformity of products and services offered by Little Caesars® restaurants.

15.     LCE conducts its pizza restaurant business in part through a franchise business model, wherein it grants to qualified persons franchises to own and operate Little Caesars® restaurants selling products authorized and approved by LCE, and licenses to those franchisees the rights to use the Little Caesars® System, Little Caesars® trademarks (the "Marks"), and distinctive Little Caesars®

5

store design, décor, and layout ("Trade Dress") in connection with those restaurants. There are currently franchised Little Caesar® restaurants located in all fifty states, Puerto Rico and Guam.

16.    In particular, franchisees acquire from LCE a license to use a variety of confidential and proprietary business information concerning the System, including standards, specifications, procedures and methods for setting up and operating a Little Caesars® restaurant. Franchisees also receive training in all material aspects of the operation of their Little Caesars® restaurants, including, without limitation, recipes and directions for food preparation and packaging; marketing and advertising techniques; an understanding of LCE's conceptual plan and standard products; financial controls; promotion and merchandising methods, techniques, and procedures; buying and inventory procedures; deployment and training of labor; maintenance of quality standards; and other aspects of restaurant operations.

17.    After execution of a franchise agreement, LCE provides a franchisee with a copy of the LCE Operational Resource Guide (also sometimes referred to as the "Manual" or "Manuals"), which contains detailed and proprietary information regarding LCE's System to direct and assist franchisees in operating a Little Caesars® restaurant. The LCE Operational Resource Guide consists of technical

6

information and expertise provided by LCE relating to the preparation and production of pizza and other food products; the use of secret, proprietary special spices, sauces and pizza dough which the public has come to associate with Little Caesars products; special recipes and menu items; distinctive exterior and interior design, décor, fixtures, and furnishings; standards and specifications for products and supplies; service standards; uniform standards, specifications, and procedures for operations, including personnel management and purchasing and inventory management; training and assistance; and advertising and promotional programs.

18. After execution of a franchise agreement, franchisees and certain of their managers receive extensive training regarding LCE's proprietary System, including the processes, standards and methods in the Operational Resources Guide.

19. Other confidential and proprietary information included in LCE's System provided to franchisees include the LCE "Quarter Book", a proprietary manual that provides a variety of confidential business and operational information and assists the franchisee in tracking information needed to plan for, manage and operate a Little Caesars® restaurant. Information included and/or tracked by LCE's Quarter Book include sales information, labor information, projected sales and labor information, inventory information, levels, checks and controls,

maintenance schedules, store contact lists, staffing and product projection information, among other things.

20.    LCE's System also includes "jobhelpers", which are charts and materials that illustrate LCE's proprietary methods of preparing pizza and other food products, which franchisee employees can use to prepare pizza and other food products pursuant to LCE specifications; and CARDS, which provide a more detailed explanation of Little Caesars® restaurant procedures.

21.    LCE's System also includes a proprietary and specific process and methodology, developed by LCE over the course of years and at considerable expense, for producing and making available to the public a convenient, high quality, ready-to-eat low cost pizza, known as Hot-N-Ready® pizza.

22.    The process and methodology for preparing and selling Little Caesars' products and developing and operating a Little Caesars® restaurant in accordance with the System was developed over time at great effort and expense, is not generally known, is proprietary, and is of substantial commercial value.

23.    LCE has spent many years and significant expenditures developing and refining its System and carefully limits access to its System to franchisees and requires franchisees to maintain the confidentiality of the System and its components.

8

24.    LCE's System and its components and accompaniments, including, without limitation, the Operational Resource Guide, Quarter Book, jobhelper charts, CARDS, process for producing and selling quality ready-for-pickup pizza products at a low price point, and other information regarding operations, cost and pricing, marketing, inventory process, set-up, lay-out and equipment used within a Little Caesars® restaurant, is a compilation, program or methodology that has significant independent economic value from not being generally known and not being readily ascertainable by proper means.  Specifically, knowledge and use of the System permits duly licensed LCE franchisees to establish and operate their pizza restaurants successfully while charging their customers a low cost for a high quality pizza.

25.    LCE has taken steps that are reasonable under the circumstances to maintain the secrecy of the System and various proprietary components of the System by, among other things, requiring all franchisees to which the System is disclosed to execute franchise agreements containing confidentiality provisions that prohibit the use of the System or its components outside of operating a duly-licensed Little Caesar franchise, and that prohibit the unauthorized disclosure of the System or its components.  In addition, written descriptions of the System are

identified as "Confidential," and access to electronic versions of the Manuals and other proprietary information is limited.

26.    By permitting franchisees to replicate LCE's established System and use the Little Caesars® Marks, LCE enables franchisees to enter the pizza restaurant business with an established and proven concept and operating system. As a result of LCE's longstanding investment of significant resources into the Little Caesars® System, the franchisees benefit from LCE's proven food products and proprietary operating procedures.

**B.    LCE's Franchise Relationship with Bravo**

27.    Bravo is a multi-unit franchisee that operates numerous Little Caesars® franchise restaurants located in Georgia, Alabama and Louisiana.

28.    The Little Caesars® restaurants operated by Bravo are the subject of franchise agreements between LCE as franchisor and Bravo as franchisee (each a "Franchise Agreement" and together the "Franchise Agreements").

29.    Four of Bravo's franchised restaurants are located in Decatur, Georgia or surrounding areas.  Mr. Ward supervised Bravo's franchised restaurants at 5414 Five Forks Trickum Road SW, Suite E, Lilburn, GA 30047; 3400 Holcomb Bridge Road, Suite 200, Norcross, GA 30093; 2136 North Decatur Road, Decatur, GA 30030; and 5221 Buford Highway, Doraville, GA 30340.

30.    Pursuant to paragraph 8.3 of the Franchise Agreements, Bravo agreed that it shall not "communicate, divulge, or use for the benefit of any other person, persons, partnership, association or corporation any confidential information, knowledge, or know-how of Little Caesar which may be communicated to Franchisee or of which Franchisee may be apprised by virtue of Franchisee's operation hereunder . . . ."

31.    Further, Paragraph 15.2 of the Franchise Agreements states that Franchisee "shall receive valuable specialized training and Confidential Information, including, without limitation, information regarding the operational, sales, promotional, and marketing methods and techniques of Little Caesar and the System, which together constitute trade secrets of Little Caesar."

32.    Paragraph 8.5 of the Franchise Agreements states that "Franchisee shall ensure that anyone associated with Franchisee shall keep confidential all Little Caesar Confidential Information as described in Section 8.3 above." Paragraph 8.1 states that "Franchisee shall treat the Manuals, and the information contained therein, as confidential, and shall use all reasonable efforts to maintain such information as secret and confidential."

33.    Bravo trains its employees regarding the importance of maintaining the confidentiality of Plaintiffs' proprietary restaurant systems and procedures.

11

Further, Bravo provides to all of its employees an Employee Handbook containing company policies and procedures to be followed by all employees.  These policies and procedures provide, among other things, that:

> · "Working for a direct competitor of Little Caesars … while working part or full time for us is not allowed."
>
> · "Do not discuss recipes, operational procedures, or sales with anyone outside of work."
>
> · "Do not misrepresent or take advantage of your position, its job duties, and/or company property or services for personal or financial gain."

### C.   Ward's Employment With Bravo and Access to LCE'S Proprietary System.

34.    Ward was a managerial level employee of Bravo for over five years, from November 2008 until March 29, 2014.

35.    Over the past five years, Ward supervised eight of Bravo's franchised Little Caesars® restaurants, located at 420 Pelham Road #B, Jacksonville, AL 36265; 724 East Battle St., Talladega, AL 35160; 1410 Quintard Ave., Anniston, AL 36201; 41283 U.S. Highway 280, Sylacauga, AL 35150; 5414 Five Forks Trickum Road SW, Suite E, Lilburn, GA 30047; 3400 Holcomb Bridge Road,

Suite 200, Norcross, GA 30093; 2136 North Decatur Road, Decatur, GA 30030; and 5221 Buford Highway, Doraville, GA 30340.

36.   As a trusted managerial employee of Bravo, Ward received confidential and proprietary information and training in the LCE System from LCE and Bravo.

37.   As a trusted Bravo managerial employee, Ward had access to LCE's proprietary System which had been licensed for use by Bravo solely in connection with operation of Bravo's Little Caesar® restaurants, including but not limited to the LCE Operational Resource Guide, other Manuals, the Quarter Book, the jobhelper charts, CARDS, and details of LCE's methods and processes for producing and selling an all day, every day ready-for-pick-up pizza product at a low price point.

38.   As part of his managerial job responsibilities with Bravo, Ward trained Bravo employees on aspects of the LCE System, and regularly consulted and used the LCE Operational Resource Guide, Manuals, Quarter Book, jobhelper charts, CARDS, and other aspects of the System in connection with managing, supervising and operating Bravo's Little Caesar® restaurants.

39.   As trusted managerial employee of Bravo, Ward knew that this information about LCE's System was valuable, confidential, and proprietary and

restricted from being used or disclosed other than in connection with operation of an authorized franchised Little Caesars® restaurant.

**D.**   **Defendants' Unauthorized and Improper Misappropriation of LCE's Trade Secrets to Develop and Operate a Competing Low-Cost Pizza Restaurant.**

40.   Upon information and belief, Ward is a shareholder and officer of RTGP, and was involved in forming RTGP in January 2014 while he was still a Bravo managerial employee.

41.   From at least January through March 2014, while Ward was still a Bravo managerial employee, Ward was planning to open a low-priced pizza restaurant in Decatur, Georgia to compete directly with Little Caesars® pizza restaurants, including those operated by Bravo.  Ward did not advise Plaintiffs regarding his plan to open a competing pizza restaurant.

42.   During that period, while Ward was still a Bravo managerial employee, Defendants picked a location for operation of their competing pizza restaurant – specifically, 4001 Glenwood Road, Decatur, Georgia – in close proximity to the closest Little Caesars® restaurant.  Defendants entered into a lease for that location; and were actively working to develop, build out, equip and furnish, adopt recipes and food preparation and production methods for, and adopt

14

other operational processes and procedures for, their competing pizza restaurant in Decatur.

43.     When Bravo learned that Ward was planning to open a competing pizza restaurant, Bravo fired Ward on or about March 29, 2014.

44.     Plaintiffs recently learned that, while Ward was still employed by Bravo and being provided with access to information about LCE's proprietary System, he saved onto a Bravo laptop computer confidential information, including information contained in the Quarter Book and other proprietary LCE materials. Ward failed to return the company computer after his employment by Bravo was terminated.

45.     Upon information and belief, Ward accessed and saved onto a Bravo laptop and Bravo iPad, which he has failed to return, or otherwise downloaded or transferred to computerized or electronic devices, numerous other confidential and proprietary components of LCE's System and Manuals.

46.     While he was still employed by Bravo, Ward also was involved in misappropriating physical files that included LCE confidential information and trade secrets.  For example, Ward was seen copying LCE's jobhelper charts and CARDS.

47.     Ward and RTGP have improperly and without authorization misappropriated LCE's confidential information and trade secrets relating to the System, and have used them to develop, establish and prepare to operate a competing, low-priced pizza restaurant at the Decatur location under the name "Ready To Go Pizza."

48.     Attached hereto as Exhibit A is a copy of photographs appearing on the website for Ready To Go Pizza located at www.greatpizzafast.com.  The web site states that Ready To Go Pizza is "opening May 23rd."

49.     The Ready To Go Pizza webpages contain photographs of pizzas that appear to be the same as or substantially similar to photographs of Little Caesars pizzas that appear on the Little Caesars website or in materials of LCE or Bravo. Attached hereto as Exhibit B is a photograph of a Little Caesars pizza that appears on the Little Caesars web site.

50.     The Ready To Go Pizza web site indicates that Defendants intend to offer similar or virtually identical pizzas to those offered by Little Caesars® restaurants, at similar or virtually identical price points.  Defendants also are using marketing slogans or phrases that are similar to those used by LCE and Bravo.

51.    In addition, Defendants have hired away other Bravo employees to work in their competing Ready To Go Pizza store.  These hired-away employees were trained by Bravo to operate a pizza restaurant under the LCE System.

52.    The low-priced, ready-to-go carryout pizza industry is extremely competitive.  As a result, the operational advantages associated with use of LCE's confidential and proprietary methods and procedures are significant.  The highly sensitive LCE information misappropriated by Ward and now in RTGP's possession includes operational data and controls and strategic planning and product recipes and production processes that would enable a competitor to replicate LCE's successful operation of Little Caesars® restaurants without any of the substantial investment of time and resources required to develop such a successful business model or system.  In sum, Ward took and Defendants now possess trade secrets and other confidential and proprietary business information belonging to LCE – information that will improperly and unlawfully provide a competitor like RTGP with significant competitive advantages.

53.    As a result of their improper access to and knowledge and misappropriation of LCE's System and/or components thereof, Defendants have obtained an unearned competitive advantage.

17

**E.     Harm to Plaintiffs, to Other LCE Franchisees, and to Franchising as a Business Model Resulting from Defendants' Wrongful Conduct.**

54.     The Defendants' wrongful and willful misappropriation of LCE's trade secrets and confidential information not only damages and causes irreparable harm to LCE, but also harms Bravo and other LCE franchisees who have had to pay appropriate fees to LCE to obtain the right to learn and use LCE's proprietary System, and who now have to compete against a free rider who misappropriated the same LCE proprietary information from Bravo without having to pay for it.

55.     Moreover, Defendants' wrongful and willful misconduct causes broader harm to franchising as a way of doing business.  If franchisees or their managerial employees were able to misappropriate and make unauthorized use of a franchisor's proprietary system for developing and operating restaurant or store locations, then the franchise concept would cease to be a viable business model.

**COUNT I**
**MISAPPROPRIATION OF LCE TRADE SECRETS**

56.     Plaintiffs repeat and make a part hereof each and every allegation set forth in paragraphs 1 through 55 of the Verified Complaint.

57.     LCE's System, Operational Resource Guide, and Manuals, which include its pizza and food recipes; Quarter Books; jobhelper charts; CARDS; educational and training materials; methods and procedures for successfully

18

producing and selling its food products as hereinabove pleaded; and other policies,

procedures, specifications and standards for food preparation, production, and

packaging, for store design and layout, for inventory management and control, for

personnel management, and for store management and operation,  constitute

proprietary information and trade secrets of LCE in that they are technical or non-

technical data, formulas, patterns, compilations, programs, devices, methods,

techniques, or processes, which are not commonly known by or available to the

public and which derive economic value from not being generally known to, and

not being readily ascertainable by proper means by, other persons who can obtain

economic value from their disclosure or use.

58.   LCE undertakes efforts that are reasonable under the circumstances to

maintain the secrecy of its System and various components thereof, including, but

not limited to, by requiring franchisees to maintain strict accountability for, and

confidentiality and safeguarding of its Operational Resources Guide and other

Manuals and confidential and proprietary business information.

59.   LCE's Franchise Agreements, including the ones with Bravo, provide

that the information included in the Operational Resource Guide and other

Manuals and the information regarding the LCE System is confidential and

proprietary information and constitutes trade secrets belonging to LCE, that are to

be used only in connection with development and operation of a Little Caesar® restaurant and which are not to be disclosed or used other than in connection with development or operation of a Little Caesar® restaurant.

60.    The Defendants have wrongfully misappropriated and used, and continue to wrongfully misappropriate and use, LCE's trade secrets relating to the Little Caesars® System, in connection with the development and operation of their competing Ready to Go Pizza restaurant in Decatur.  Plaintiffs have not authorized Defendants to use or disclose any of the confidential and proprietary information or trade secrets in connection with Defendants' competing pizza business.

61.    The conduct of the Defendants is in violation of the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760 *et seq.*

62.    LCE has no adequate remedy at law for the unlawful disclosure and use of its trade secrets.

63.    As shown from the facts hereinabove pleaded, unless the Defendants are temporarily, preliminarily, and permanently restrained from using the trade secrets of LCE, LCE and Bravo will suffer immediate and irreparable injury.

64.    As a direct and proximate result of the wrongful acts of the Defendants, LCE and Bravo have sustained and/or will sustain substantial damage

20

and will continue to sustain damages in the future in an amount to be proved at trial.

65.     LCE and Bravo are entitled to recover, jointly and severally from the Defendants, all damages they have and may later sustain due to Defendants' improper conduct.

66.     In addition, because the conduct of the Defendants was committed with knowledge that it was unlawful, LCE and Bravo are entitled to punitive or exemplary damages.

## COUNT II
## CONVERSION

67.     Plaintiffs repeat and make a part hereof each and every allegation set forth in paragraphs 1 through 66 of the Verified Complaint.

68.     As hereinabove pleaded, Ward accomplished his acts of misappropriation by various means, including by saving certain LCE confidential and proprietary information onto a Bravo company computer and a company iPad that he continues to have in his possession.

69.     Ward failed to return the company computers to LCE or Bravo when his employment with Bravo ended.  Bravo has the legal right to immediate and sole

possession of this corporate property. Ward's actions have resulted in Defendants' possession and misuse of such property.

70. Conversion of such corporate property by Ward proximately caused and continues to cause LCE and Bravo damage in an amount to be determined.

71. Defendants are liable to Plaintiffs in money damages for conversion of the company computers that were in the possession of Bravo.

72. In addition, Defendants' conversion is continuing and is causing irreparable harm to Plaintiffs.

73. In addition, because the conduct of the Defendants was committed with knowledge that it was unlawful, LCE and Bravo are entitled to punitive or exemplary damages.

WHEREFORE, Plaintiffs respectfully request that this Court:

1) Enter judgment in their favor on all counts of the Complaint;

2) Preliminarily and permanently enjoin the Defendants, and all of their officers, agents, servants, employees, attorneys, and those persons or entities in active concert or participation with them:

(i) from directly or indirectly using, selling, distributing, licensing, giving, transferring, assigning, showing, disclosing, disseminating, reproducing, copying, misappropriating,

duplicating or otherwise communicating any of LCE's trade secrets, including but not limited to LCE's System, Operational Resources Guide, Manuals, Quarter Book, jobhelper charts, CARDS, proprietary recipes, and the proprietary methods and procedures used for the preparation and sale of LCE's food products and operation of Little Caesars® restaurants, and any and all proprietary components  contained within any of these items; and

(ii)      from directly or indirectly using any information, materials, recipes, procedures, methods, processes, standards, or specifications, developed or derived in whole or in part from LCE's trade secrets, including but not limited to using in connection with operation of the Ready To Go Pizza restaurant in Decatur;

3) Require Defendants to return to Plaintiffs the Bravo company computers that Ward failed to return after his employment by Bravo was terminated;

4) Require Defendants to return to LCE all documents and electronically stored information that Ward took from Bravo or from LCE, including

but not limited to all LCE trade secrets, and all copies thereof, that are in their possession, and then to destroy all information or materials developed or derived in whole or in part from LCE's trade secrets;

5) Order a forensic examination of Defendants' computer drives and storage devices in order to ensure their full compliance with the remedies set forth herein;

6) Enter judgment against the Defendants, jointly and severally, for any and all damages sustained by Plaintiffs by reason of the willful and unlawful acts hereinabove complained of;

7) Award Plaintiffs punitive damages against the Defendants due to their willful theft and misappropriation of trade secrets and other willful misconduct;

8) Award Plaintiffs pre and post-judgment interest as allowable at law;

9) Award Plaintiffs its attorneys' fees incurred in this action and all other costs of the action; and

10) Award any other relief the Court deems just, equitable and proper.

This 6th day of May, 2014.

**NELSON MULLINS RILEY & SCARBOROUGH**

*s/ Lucas A. Westby*
Mark S. VanderBroek
Georgia Bar No.724440
Lucas A. Westby
Georgia Bar No. 594008

201 17th St. N.W., Suite 1700
Atlanta, GA 30363
Telephone: 404-322-6675
Facsimile: 404-322-6050
mark.vanderbroek@nelsonmullins.com

Jeffery A. Handelman
Andrew J. Avsec
Brinks Gilson & Lione
455 N. Cityfront Plaza Drive,
Chicago, IL 60611
312-321-4200
312-321-4299
jhandelman@brinkshofer.com
aavsec@brinkshofer.com
*(To Seek Admission Pro Hac Vice.)*

Attorneys for Plaintiffs

## VERIFICATION

I, Ramon Arias, President of Bravo Food Service, LLC ("Bravo"), hereby state that I have read the foregoing Verified Complaint and am familiar with the contents thereof, and that the facts set forth therein insofar as they relate to the business of Bravo, the materials provided by Little Caesar Enterprises, Inc. to Bravo, and the conduct of Steven Ward, are true by my own personal knowledge and/or in accordance with the business records of the company, except those facts set forth on information and belief, and that as to those allegations, I believe them to be true.

I declare under penalty of perjury that the foregoing statements are true and correct.  This 5th day of May, 2014.